

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEWCHEZ INTERNATIONAL
LIMITED, a Taiwanese corporation,

           Plaintiff - Appellant,

  v.

THE CIT GROUP/COMMERCIAL
SERVICES, INC., a New York
Corporation; JPMORGAN CHASE
BANK, N. A., a national banking
association,

           Defendants - Appellees.

No. 08-56121

D.C. No. 2:07-cv-01211-SVW-
JWJ

MEMORANDUM *

SEWCHEZ INTERNATIONAL
LIMITED, a Taiwanese corporation,

           Plaintiff - Appellant,

  v.

THE CIT GROUP/COMMERCIAL
SERVICES, INC., a New York
Corporation; JPMORGAN CHASE
BANK, N. A., a national banking
association,

No. 08-56459

D.C. No. 2:07-cv-01211-SVW-
JWJ

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 2, 2009
Pasadena, California

Before: SCHROEDER, SILER,[**] and IKUTA, Circuit Judges.

SewChez's claims against CIT for fraud and breach of contract are premised on the theory that CIT's prior waivers of its right to demand strict compliance with the terms of the letters of credit formed an implied contract between SewChez and CIT. This theory fails because the letters of credit expressly provide that past waivers of discrepancies create no obligation to waive discrepancies in the future. *See also* Cal. Com. Code § 5108, comment 7 UCC ("Waiver of discrepancies by an issuer or an applicant in one or more presentations does not waive similar discrepancies in a future presentation."). This principle applies to SewChez's dispute with CIT because it is undisputed that CIT meets the definition of "applicant" under the California Commercial Code, *see* Cal. Com. Code § 5102(a)(2), and SewChez cannot claim that the terms of the contract between CIT

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

and JPMorgan alter CIT's status as an applicant because SewChez was not a party to the contract. Because there was no implied contract between SewChez and CIT, SewChez's breach of contract claim fails.

Moreover, SewChez's fraudulent concealment claim likewise fails. Because SewChez and CIT had no contractual relationship, CIT had no duty to disclose its intention to cease waiving discrepancies. *See Linear Tech. Corp. v. Applied Materials, Inc.*, 61 Cal. Rptr. 3d 221, 235 (Cal. Ct. App. 2007). The out-of-circuit cases cited by SewChez suggesting that a party could be bound by a transaction-specific waiver are inapplicable here because SewChez did not establish that CIT waived discrepancies as to the specific transactions at issue. *See Timber Falling Consultants, Inc. v. Gen. Bank*, 751 F. Supp. 179, 182–83 (D. Or. 1990); *U.S. Indus., Inc. v. Second New Haven Bank*, 462 F. Supp. 662, 666 (D. Conn. 1978).

SewChez's claim against CIT for unjust enrichment also fails. Because CIT was entitled to refuse to waive discrepancies and exercise its rights as a secured creditor, SewChez failed to allege facts showing CIT's "receipt of a benefit and the unjust retention of the benefit at the expense of another." *See Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323 (Cal. Ct. App. 2008) (quotation marks, alterations, and citation omitted).

SewChez's claim against JPMorgan for breach of the covenant of good faith fails for the same reason as SewChez's claim against CIT for breach of contract,

namely, because JPMorgan's past waivers did not obligate it to continue waiving discrepancies. *See* Cal. Com. Code § 5108, comment 7 UCC. Moreover, SewChez's exclusive remedy for the wrongful withholding of payment is a claim for wrongful dishonor. Cal. Com. Code. § 5111(b).

SewChez failed to raise a genuine issue of material fact that each of its invoices was a separate presentment. The uncontested affidavits by JPMorgan's experts establish that the words "drafts at . . . at sight" in Field 42C of the letter of credit mean that a sight draft must be presented to obtain payment under the letter of credit. Because a draft is required, the presentation of a single draft and multiple invoices constitutes a single presentment, which must be honored or dishonored as a whole. *See Mueller Co. v. S. Shore Bank*, 991 F.2d 14, 17 (1st Cir. 1993); *see also* Cal. Com. Code § 5108(a). Because two of the five invoices SewChez submitted under a single draft were discrepant, JPMorgan's rejection of this entire presentment was not wrongful.

AFFIRMED.